**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| STEPHENS COUNTY, by and through its Board of Commissioners; CITY COMMISSION OF CITY OF TOCCOA; STEPHENS COUNTY SCHOOL DISTRICT, by and through the Stephens County Board of Education; and CONCERNED CITIZENS OF TOCCOA-STEPHENS COUNTY, LLC, : : : : : : : : : : : : : | |
| Plaintiffs, : | CIVIL ACTION NO. 2:12-CV-0201-RWS |
| v. : : | |
| WILBROS, LLC; ENVIRONMENTAL RESOURCE CONCEPTS, LLC; WILCORP, INC.; and JOSEPH H. WILBANKS, JR., : : : : : : | |
| Defendants. : | |

## **ORDER**

This case comes before the Court on Plaintiffs' Motion to Remand to the Superior Court of Stephens County, Georgia ("Pls.' Mot. to Remand") [5]. After reviewing the record, the Court **GRANTS** the Motion for the reasons that follow:

Plaintiffs initiated this litigation by filing a Complaint against Defendants in the Superior Court of Stephens, County, raising claims for nuisance, trespass, negligence, negligence per se, and unjust enrichment. (See generally Compl., Dkt. [1-1].) Each cause of action arises out of Defendants' operation of a facility "engaged in the receipt, storage, treatment, processing and disposal of industrial wastes," which operation allegedly is releasing noxious odors into the surrounding environment. (See generally id.) Plaintiffs allege that the odors are so strong as to "completely . . . interfere[] with the commercial, recreational, economic and aesthetic interests of the community" and its residents, such as by causing nausea and vomiting, forcing residents indoors, interfering with business, and disrupting school activities. (Id. ¶¶ 59-82.)

Defendants timely removed the action to this Court on the basis of federal question jurisdiction, arguing that Plaintiffs' Complaint alleges violations of the federal Clean Water Act, 33 U.S.C. § 1251, et seq. (Defs.' Notice of Removal, Dkt. [1].) Plaintiffs now move the Court to remand the case back to the Superior Court of Stephens County, arguing that the Complaint alleges only violations of state law and does not raise a claim under the Clean Water Act. (See generally Pl.'s Mot. for Remand, Dkt. [5].)

The determination of whether federal question jurisdiction exists "'is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" Behlen v. Merrill Lynch, 311 F.3d 1087, 1090 (11th Cir. 2002) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). Under this rule, federal question jurisdiction clearly lies in cases where federal law creates the cause of action asserted in the complaint. Merrell Dow Pharma., Inc. v. Thompson, 478 U.S. 804, 808 (1986). Federal question jurisdiction may also lie in cases where state law creates the cause of action, provided resolution of the state law claim requires resolution of a substantial federal law issue. See id. at 809 ("We have, however, also noted that a case may arise under federal law where the vindication of a right under state law necessarily turned on some construction of federal law.") (internal quotes and citation omitted); Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 13 (1983) ("Even though state law creates [the] causes of action, [the] case may still 'arise under' the laws of the United States if a well-pleaded complaint established that [the] right to relief under state law *requires*

3

*resolution of a substantial question of federal law* in dispute between the parties.") (emphasis added).

In this case, the causes of action alleged in the Complaint—i.e., nuisance, trespass, negligence, negligence per se, and unjust enrichment—arise exclusively under state law. Accordingly, federal question jurisdiction lies only if a substantial question of federal law is a necessary element of one of these causes of action. Franchise Tax Bd., 463 U.S. at 13 ("[T]he 'law that creates the cause of action' is state law, and original federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims . . . ."); see also Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994) ("If, however, state law creates the cause of action, . . . federal question jurisdiction depends on whether plaintiff's demand 'necessarily depends on resolution of a *substantial* question of federal law.'") (emphasis in original) (quoting Franchise Tax Bd., 463 U.S. at 28).

Defendants argue that this standard is satisfied: "Plaintiffs have set forth in their Complaint substantial issues concerning [Defendants'] alleged violation of the Clean Water Act and [their] NPDES permit" (the latter of which was

4

issued pursuant to the Act). (Defs.' Resp. to Pls.' Mot. to Remand ("Defs.' Resp."), Dkt. [6] at 13.) Plaintiffs, indeed, cite the federal Clean Water Act in connection with their claim for negligence per se, alleging specifically as follows:

> Defendants were required to conform their conduct to applicable federal, state, and local legal requirements, including without limitation: the federal Clean Water Act, 33 U.S.C. § 1251 et seq., the Georgia Water Quality Control Act, O.C.G.A. § 12-5-1 et seq., the Georgia Comprehensive Solid Waste Management, O.C.G.A. § 12-8-20 et seq., and the regulations promulgated pursuant to those statutes, as well as Stephens County Ordinances governing Nuisances (Code of Ordinances, Chapter 34, Article III).

(Compl., Dkt. [1] ¶ 161.) Plaintiffs argue, however, that their references to the Clean Water Act are insufficient to create federal question jurisdiction because the references are made only to show one alternative basis upon which Plaintiffs may establish negligence per se. (See generally Pl.'s Br. in Supp. of Pl.'s Mot. to Remand ("Pl.'s Br."), Dkt. [5-1].)

The Court agrees with Plaintiffs that the references in the Complaint to the Clean Water Act (and NPDES permit) do not give rise to a substantial federal question such that the exercise of federal question jurisdiction would be proper. Plaintiffs allege the federal Clean Water Act as one of several potential

5

sources of liability for negligence per se–the remainder being state law statutory schemes. See Lewis v. Melbourne Hous. Auth., No. 6:09-CV-1457-Orl-28DAB, 209 WL 2988899, at *3 (M.D. Fla Sept. 17, 2009) ("state tort law causes of action. . . do not morph into federal claims simply because they look to federal regulations as setting the standard of care"); Burney v. 4373 Houston, LLC, No. Civ. A. 5:05-CV-255, 2005 WL 2736515, at *2 (M.D. Ga. Oct. 24, 2005) ("The reference to a federal regulation in Count Three of Plaintiff's Complaint, as an element of Plaintiff's negligence per se claim, is insufficient to crate a federal question or to give this Court jurisdiction over the matter.").

Furthermore, the claim for negligence per se is set out in the alternative to Plaintiffs' claim for ordinary negligence. Accordingly, Defendants' potential negligence liability does not *necessarily depend* on resolution of a federal law issue, much less a substantial one. See, e.g., Mulcahey, 29 F.3d at 153 ("Examination of the complaint in the instant case reveals that the negligence per se claim citing the federal environmental statutes was only an alternative theory of liability under the Plaintiffs' negligence claim . . . . Even if [the Defendant] was found not to have violated any federal statute, the Plaintiffs might still be entitled to recover under an alternative theory of negligence. . . .

6

Thus . . . we find that, because the Plaintiffs' alternative theory of negligence per se is not 'essential' to their negligence theory, no federal subject matter jurisdiction exists."). Because resolution of Plaintiffs' claims does not necessarily depend on resolution of a substantial federal law issue, the Court finds federal question jurisdiction lacking in this case.

## Conclusion

In accordance with the foregoing, Plaintiffs' Motion to Remand [5] is **GRANTED** and the case is **REMANDED** back to the Superior Court of Stephens County, Georgia.

**SO ORDERED**, this   5th   day of October, 2012.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)